GOLDBERG *v.* PEERLESS PATTERN CO.

APPEAL AND ERROR—SCOPE OF REVIEW—OBJECTIONS NOT RAISED ON TRIAL.

> A judgment for plaintiff will be affirmed where assignments of error in refusing a continuance because of the absence of a defendant corporation's president and in refusing a new trial because of the inability of such officer to be at the trial are not supported by objections or exceptions, and defendant's attorney, after denial of the motion for continuance, participated in the trial without objection to the proceedings, and these are the only questions involved.

Error to Wayne; Hosmer, J.  Submitted June 28, 1917.  (Docket No. 113.)  Decided July 26, 1917.

Attachment proceedings by Jacob E. Goldberg and Samuel X. Goldberg, copartners as Goldberg Bros., against the Peerless Pattern Company.  Judgment for plaintiffs.  Defendant brings error.  Affirmed.

*Edward Pokorny*, for appellant.

*Percy W. Grose*, for appellees.

BROOKE, J.   By the filing of a plea of the general
issue with notice thereunder, this case became at issue
on February 25, 1915.   Having been set for trial in
the Wayne circuit court, a motion was made on April
26, 1916, for a continuance upon the ground that de-
fendant's president, John W. Wright, was a student at
law in the State of New York, and that it was neces-
sary for him to prepare for his examination in the lat-
ter part of May, and that therefore he would be un-
able to attend the trial of this case until the first week
in June.   An affidavit in opposition to the continuance
was filed by plaintiff, by which it appears that the case
at bar is the second of two cases between the same
parties and arising out of the same contract; each case
involving unpaid rent for a certain period.   By said
affidavit it further appears that defendant's president
was sworn at the first trial, which resulted in a judg-
ment against defendant, which was later paid.   It
further appears that counsel for plaintiff was willing
to consent that the testimony of said Wright, given in
the earlier case, might be admitted in evidence in the
case at bar.   The motion for a continuance was denied,
but the case was not actually reached for trial until
May 21, 1916.

The record discloses no objection or exception to
the denial of the motion for continuance, and shows
that defendant's attorney appeared at the trial, par-
ticipated therein, and made no objection to proceeding
therewith.   On May 27, 1916, defendant made a mo-
tion for a new trial, based upon the fact that its presi-
dent, Wright, was a material witness, and was unable
to be present at the trial, and for the reason that a
default of judgment had been rendered against de-
fendant.   This motion was supported by the affidavit
of defendant's president, in which it is stated that he
was unable to be present by reason of the fact that he
was absent on a business trip from his home office in

New York City, and that his office was unable to reach him in order to advise him of the pendency of the trial. Counter affidavits were filed, and the motion was denied. No exception was taken to the denial of said motion.

There are 10 assignments of error, based upon the action of the court in refusing the continuance mentioned and in denying a new trial. No assignment is supported by an objection or an exception. This being the condition of the record, judgment will stand affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.